IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS O. NOVAK, | ) | CASE NO. 1:14 CV 2237 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WOLFE PAPER COMPANY, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER** |

## Introduction

Before me[1] is Morris Novak's action against Wolfe Paper Company, Inc., B&B Paper Converters, Inc., JMJ Paper, Inc., B&B Paper Converters Employee Profit Sharing Retirement Trust, Freemont Sheeters, Ltd., and Jeffrey Carpenter (collectively "Wolfe").[2] I previously granted summary judgment to Wolfe on the federal law claims of Count One (age discrimination) and Count Two (retaliation) of Novak's Third Amended Complaint – the termination claims.[3] Wolfe now seeks summary judgment as to the remaining "post-termination claims" of Count Three (withholding of profit sharing funds); Count Four (withholding of vacation pay); Count Five (withholding of earned bonus); Count Six

---

[1] The parties have consented to my jurisdiction (ECF No. 49) and the matter has been transferred to me. ECF No. 50.
[2] ECF No. 75 (third amended complaint).
[3] ECF No. 108. The prior motion for summary judgment (ECF No. 88) was not phrased in terms of counts in the complaint, but rather in terms of whether Novak could show his termination was due to age discrimination (Count One) or retaliation (Count Two). My order utilized the structure adopted by the parties.

(interference with abuse of process regarding receipt of unemployment compensation); and Count Eight[4] (retaliation by novation).[5] Wolfe also seeks summary judgment at to Count Seven – constructive discharge.

Having already found no actionable federal law age discrimination or age-based retaliation, I:

1) dismiss with prejudice the federal claims related to profit sharing, vacation pay and earned bonus that are asserted on the grounds of retaliation;

2) decline to hold the complaint open for amendment to state a future Employee Retirement Income Security Act ("ERISA") claim; and

3) decline jurisdiction over the state-law claims of abuse of process, breach of contract, and novation, dismissing those claims without prejudice.

## Facts

I incorporate by reference the analysis set forth in the prior order granting summary judgment as to the termination claims. For additional clarification, such reasoning and its conclusions fully apply to the dismissal of Grounds One, Two, and Seven.

## Analysis

**A.    Count Seven – constructive discharge**

I incorporate by reference my analysis in the prior order granting summary judgment as to Counts One and Two. I now address Ground Seven – constructive discharge. Although not recognized or addressed by the parties, as a matter of law,

---

[4] Although it is the final of eight listed counts in the Third Amended Complaint, this claim is headed in the actual filing as "Count Eleven." ECF No. 75 at 20.
[5] ECF No. 115

constructive discharge can only arise in cases where the plaintiff actually resigned, and not, as here, in a termination. The inherent logic of the claim itself is that, because of the circumstances involved, an apparently voluntary resignation should instead be construed as an involuntary discharge or termination.

Thus, the well-established test for assessing a claim of constructive discharge plainly requires that a plaintiff establish the following three elements: (1) that an employer deliberately created unreasonably intolerable working conditions; (2) with the intention of causing the plaintiff to quit; and that (3) "the employee actually quit."[6] The failure to show the third element of the claim – that a plaintiff actually quit or resigned – defeats the claim.[7]

Here, it is not disputed that Novak did not resign or otherwise quit but was terminated. Accordingly, he cannot advance a claim for constructive discharge. Thus, Count Seven is dismissed.

**B.     Post-termination claims**

*1.     Title VII/ADEA*

Under the ADEA, a former employee cannot bring a retaliation claim for alleged conduct occurring post-employment. "[O]nce [plaintiff's] employment was terminated it was not possible for her to suffer adverse employment action [under ADEA]."[8] Following the Supreme Court decision in *Burlington Northern and Santa Fe Railway Co. v. White*,[9]

---

[6] *Lee v. Cleveland Clinic Foundation,* 676 Fed. Appx. 488, 495 (6th Cir. 2017) (citation omitted).
[7] *Id.*
[8] *Glanzman v. Metropolitan Management Corp.*, 391 F.3d 506, 516 (3d Cir. 2004).
[9] 548 U.S. 53 (2006).

3

courts have construed the broad anti-retaliation provisions of Title VII to include post-employment acts.[10] Although the anti-retaliation provisions of Title VII and the ADEA are similar, they have not been interpreted identically . As the district court noted in *Stezzi v. Citizens Bank of Pennsylvania*,[11] the wider scope of anti-retaliation protections of Title VII, as distinguished from the AEDA, are "'consistent with the broader context of Title VII.'"[12]

There is some authority post- *Burlington Northern* for concluding that under AEDA post-employment actions such as filing false charges to oppose the receipt of unemployment benefits would constitute actionable retaliation.[13] It is important to observe, however, that establishing any AEDA retaliation in this regard, as is the case for similar claims arising under Title VII, would require proof that the former employer's opposition to the ex-employee's receipt of unemployment benefits was not in good faith, but rather based on "false information" or a "false report."[14]

Here, insofar as Novak seeks to pursue a federal claim of post-employment retaliation for withholding profit sharing money (Count Three), withholding vacation pay (Count Four), withholding earned bonus money (Count Five), and making false statements in opposition to Novak's claim for unemployment benefits (Count Six), he specifically

---

[10] *See Patterson v. North Central Telephone Co-op Corp.*, No. 2:11-cv-00115, 2014 WL 5322937, at **10-11 (M.D. Tenn. Oct. 17, 2014) (citing cases).
[11] No. 10-4333, 2012 WL 4717900 (E.D. Pa. Oct. 4, 2012).
[12] *Id.* at *3 (quoting *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346 (1997)).
[13] *Roe v. McKee Management Associates, Inc.*, No. 16-5520, 2017 WL 690538, at *7 (E.D. Pa. Feb. 21, 2017) (citing cases).
[14] *Id.* at *7 (citing cases).

4

asserts that his right to relief for these individual counts only arises under Title VII and the ADEA.[15]

Novak has not claimed any action by Wolfe – either for or against Novak – was taken on account of his race (Caucasian), color (presumably white), religion (not identified), sex (male), or national origin (Greek).[16] Thus, I find that none of Novak's identified post-termination claims arise under Title VII, but rather are exclusively asserted under the ADEA.[17]

Under the rubrics for ADEA cases stated above, Wolfe is entitled to summary judgment on Counts Three, Four, and Five as federal ADEA claims because (1) those claims entirely arose post-employment and/or (2) there is no evidence that Wolfe took any action in bad faith or otherwise sought to deny or hinder Novak from pursuing his rights. Specifically:

1) As to profit sharing funds, the Rule 56 evidence is that Jerry Jazwa has notified Novak that he is entitled to his funds under the profit-sharing plan and has attempted to provide Novak with such funds, which still remain in his original account;[18]

2) Wolfe never withheld any vacation funds; Novak was paid in full as an employee for his time in Greece;[19] and

3) Wolfe had a bonus structure based on annual, not monthly, performance, and

---

[15] ECF No. 75 at ¶¶ 43 (Count Three), 47 (Count Four), 50 (Count Five), and 53 (Count Six).
[16] *See id.* at ¶ 47.
[17] As will be developed below, none of these particular post-employment claims are asserted as arising under state law or under ERISA, although those areas may be the appropriate basis for such claims.
[18] ECF No. 115 at 2 (citing Jazwa affidavit).
[19] ECF No. 115 at 3 (citing Jazwa affidavit).

has paid Novak fully for all bonuses earned.[20]

As to the profit-sharing plan, Novak, through his own affidavit[21] and an affidavit submitted by his counsel George Simakis,[22] essentially admits that Wolfe has submitted a check in what it maintains is payment in full for Novak's interest under that plan, but contest the amount offered. Both the Novak and Simakis affidavits cite ERISA as the basis for pursuing additional discovery related to a determination of the correct amount.[23] ERISA will be addressed below.

As concerns the specific ADEA retaliation claim, neither the Novak nor Simakis affidavits concerning a potential dispute over the correct amount owed refute the Rule 56 evidence of the Jazwa affidavit that Wolfe acknowledges Novak's right to receive all funds owed him from the profit-sharing plan. As such, just as there is no evidence of ADEA retaliation prior to termination, there is no evidence that whatever dispute may exist concerning the proper amount owed under the profit-sharing plan is grounded in age-related retaliation.

Specifically, the uncontested Rule 56 evidence in the Jazwa affidavit is that: (1) Novak is a participant in the plan;[24] (2) Novak has funds due him under the plan;[25] (3) such

---

[20] *Id.*
[21] ECF No. 118, Attachment 1.
[22] ECF No. 118, Attachment 2.
[23] *See* ECF No. 118, Attachment 1 at ¶¶ 5-6 (Novak); ECF No. 118-2 at ¶¶ 3-7 (Simakis).
[24] ECF No. 115, Attachment 2 at ¶ 6.
[25] *Id.* at ¶ 7.

6

funds are now available to Novak[26] and are being safeguarded for his benefit;[27] and (4) Wolfe has attempted to discuss this matter with Novak for resolution.[28] Accordingly, Wolfe is entitled to summary judgment in its favor on the Count Three claim that it has engaged in post-termination retaliation under ADEA by withholding funds owed to Novak from the profit-sharing plan.

Novak appears to want to pursue an additional claim under ERISA for the correct amount owed him under the profit-sharing plan.[29] He further appears to pursue the claims for vacation pay and earned bonuses under state contract law. These claims under the appropriate theories are addressed below.

## 2. *Profit sharing/ERISA*

Count Three of the current complaint was asserted as purportedly arising under Title VII and/or ADEA. It is dismissed under those bases for the reasons stated above. Novak seeks, as it appears, to take further action under ERISA. But to bring such a claim against Wolfe for denial of benefits under the profit-sharing plan, Novak in his complaint would need to assert that: (1) there was a final decision of the plan administrator to deny him benefits and (2) that Novak exhausted his administrative remedies by appealing that

---

[26] *Id.* at ¶ 8.
[27] *Id.* at ¶ 9.
[28] *Id.* at ¶ 8.
[29] *See* ECF No. 118, Attachment 2 (Simakis affidavit) at ¶ 5 ("Further, such discovery would verify or otherwise disclose, whether the defendants have violated or engaged in any activity that violation of [ERISA] . . .").

decision to the fiduciary of the plan prior to commencing suit in a federal court.[30]  Plainly, he has not done so.

Rule 15(a)(2) of the Federal Rules of Civil Procedure does provide a means to amend a complaint at this late stage by consent of the opposing party or by leave of court. Here, however, there is no motion by Novak to amend.  Further, there are no facts in the current record to indicate that Novak received a final notice from the plan administrator denying a claim for benefits under the profit-sharing plan, nor that, assuming he received such a notice, that he then appealed that decision.  Thus, at this juncture there is no way of knowing if holding this matter open for amendment would be futile.[31]  But awaiting a potential motion to amend certainly would prejudice the current defendants who have been defending this case since 2014 and have done so without any effort by Novak to pursue an ERISA claim through the procedures discussed above.

Count Three is dismissed with prejudice only insofar as Novak asserts the claim under Title VII and/or ADEA.  That dismissal does not bar Novak from later filing a claim under ERISA after satisfying the necessary prerequisites if he can do so

**3.    *Vacation pay and earned bonuses***

As to vacation pay and earned bonus, the facts alleged in the relevant affidavit makes clear that vacation pay and earned bonuses are allegedly owed as a consequence of the employment agreement, and not as part of the retirement or profit-sharing plan.

---

[30] *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991) (citations omitted).
[31] *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

Specifically, although these claims are asserted in the complaint as violations of the ADEA, the Novak affidavit itself casts these claims simply as contract claims.[32]

Claims for breach of an employment agreement for vacation pay[33] and earned bonuses[34] each exclusively sound in state law. Novak's affidavit on its face plainly shows that neither claim is supported by any evidence demonstrating any federal ADEA claim of post-termination retaliation.[35] Accordingly, Count Four (vacation pay) and Count Five (earned bonuses) are dismissed as federal claims, and I decline to exercise supplemental jurisdiction over such claims under Ohio law.[36]

### 4. *Abuse of process - "malicious reporting" in state unemployment claim*

To the extent that Count Six may be construed as asserting an ADEA claim of post-employment retaliation, that claim would be defeated by establishing that Wolfe's

---

[32] ECF No. 118, Attachment 1 at ¶ 8 ("At the time of my termination, I was following the terms and conditions of my sales bonuses [plan] as established by my employer and following past practice of receiving said bonus payments . . . ."); ¶10 ("At the time of my termination I was in compliance with the terms and conditions of the paid vacation provisions [of the employee handbook].").

[33] *Stark v. Government Accounting Solutions, Inc.*, No. 2:07-cv-755, 2008 WL 4683289, at *2 (S.D. Ohio Oct. 22, 2008) (claim of terminated employees against former employer for vacation pay is breach of contract claim under Ohio law).

[34] *Bahr v. Technical Consumer Products, Inc.*, No. 5:13CV1057, 2013 WL 6230961, at *3 (N.D. Ohio Dec. 2, 2013) (employee's claim for bonuses earned under bonus plan was a matter of Minnesota state law).

[35] The Novak affidavit as to each of these claims sets forth no facts from which age-related retaliation could be established. As to vacation pay, Novak merely claims that he earned such pay but that he "has not been paid to this date by the defendants." ECF No. 118, Attachment 1 at ¶ 10. Similarly, as concerns earned bonuses, Novak's affidavit also simply states that he has earned a bonus but "have not been paid to this date by the Defendants." ECF No. 118, Attachment 1 at ¶ 8.

[36] *Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) (citations omitted).

9

opposition to Novak's claim for unemployment benefits did not contain any false statements.[37] Indeed, although Novak alleges in his complaint that Wolfe opposed his claim for unemployment benefits by filing false statements,[38] the uncontested Rule 56 evidence from the Jazwa depostion is that Wolfe's filing contained nothing that was untruthful or unsupported.[39] Further, it is also an uncontested fact that Novak received the unemployment benefits he sought.[40]

In addition, to the extent that Novak is further alleging any Ohio law procedural violations in Count Six, I decline to exercise supplemental jurisdiction over such claims.

### 5. *Retaliation by novation - Count "Eleven"*

In this count, Novak does not cite a specific ground – neither federal nor state law – for his claim. Novak appears to assert that Wolfe's unspecified "newly imposed office rules and procedures" had the effect of "add[ing] excessive and unnecessary work" for Novak that "limited his time" that would be "otherwise devoted to sales . . . ."[41]

To the extent that this claim attempts to restate the previously allegations of pre-termination age discrimination in purported violation of the ADEA, this claim is dismissed for the reasons stated previously. To the degree that the Court is supposed to glean an unspecified claim lurking in the vague wording of this allegation, I decline the invitation

---

[37] *See McKee Management*, 2017 WL 690538, at *7 (former employer filing false statements to oppose claim for unemployment benefits can support a post-termination retaliation claim).
[38] ECF No. 75 at ¶ 50.
[39] *See* ECF No. 115, Ex. A at ¶ 16, exhibit A.
[40] *Id.*
[41] ECF No. 75 at ¶ 62.

to function as Novak's attorney.  Finally, to the degree that the word "novation" is supposed to signify that Wolfe somehow by its actions actually altered an existing employment contract, I decline to exercise supplemental jurisdiction over such a state-law claim.

**Conclusion**

For the reasons stated, Wolfe's motion for summary judgment is granted.[42]  As specified above, all remaining federal law claims of Morris Novak against Wolfe Paper Company, Inc., *et al*, are dismissed with prejudice.  Further, I decline to exercise supplemental jurisdiction over all state-law claims, and those claims are dismissed without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated: March 15, 2019               s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

---

[42] ECF No. 115.